UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTINE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ENUMCLAW PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S SHORT FORM DISCOVERY MOTION FOR ORDER REGARDING RULE 35 EXAMINATION (DOC. NO. 29)<br><br>Case No. 2:21-cv-00165<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Defendant Enumclaw Property and Casualty Insurance Company has filed a motion to compel Plaintiff Kristine Taylor to submit to a Rule 35 examination by Enumclaw's expert.[1] Ms. Taylor opposes the motion.[2] Where Ms. Taylor's degree of impairment is in controversy, Enumclaw has shown good cause for the examination, and Ms. Taylor has not established the proposed examination would be unduly burdensome, the motion is granted.[3]

BACKGROUND

Ms. Taylor brought this action against her insurer, Enumclaw, under an uninsured motorist (UIM) policy after she was injured in a car accident.[4] Ms. Taylor claims she sustained a

---

[1] (Def.'s Short Form Disc. Mot. for Order Re. Rule 35 Examination ("Mot."), Doc. No. 29.)

[2] (Opp'n, Doc. No. 31.)

[3] This ruling is based on the parties' written memoranda, as oral argument is unnecessary. *See* DUCivR 37-1(b)(5)(B).

[4] (*See* Compl., Doc. No. 2-2.)

1

concussion in the accident which caused a neurocognitive disorder, and she seeks $1.5 million in damages due to her alleged injuries.[5] In support of her claims, Ms. Taylor provided a report from an expert who conducted a neuropsychological evaluation in December 2021 and concluded Ms. Taylor sustained a mild traumatic brain injury with cognitive impairment in the accident.[6] Enumclaw now seeks to compel Ms. Taylor to submit to a neuropsychological evaluation by Enumclaw's retained expert, including similar testing to that performed by Ms. Taylor's expert.[7]

## LEGAL STANDARDS

Rule 35 of the Federal Rules of Civil Procedure permits a court to order "a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."[8] The party seeking the examination must show the mental or physical condition of the party to be examined is in controversy and "good cause" for the examination.[9] An order under Rule 35 "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."[10]

---

[5] (Mot. 1, 3, Doc. No. 29.) Although these details are not set forth in the complaint, Ms. Taylor's opposition brief does not dispute Enumclaw's characterization of her claims.

[6] (*See* Mot. 1, Doc. No. 29; Ex. 1 to Mot., Decl. of Lindsay Embree, Ph.D ("Embree Decl.") ¶ 5, Doc. No. 29-1.)

[7] (*See* Mot. 2, Doc. No. 29.)

[8] Fed. R. Civ. P. 35(a)(1).

[9] Fed. R. Civ. P. 35(a)(1), (a)(2)(A); *Herrera v. Lufkin Indus.*, 474 F.3d 675, 689 (10th Cir. 2007) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118–19 (1964)).

[10] Fed. R. Civ. P. 35(a)(2)(B).

Also relevant is Rule 26, which provides that the scope of discovery encompasses

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[11]

## ANALYSIS

Enumclaw argues its expert, Dr. Lindsay Embree, should be permitted to conduct her own neuropsychological evaluation of Ms. Taylor, given Ms. Taylor's claimed injuries and damages.[12] Where Ms. Taylor has presented an expert report on these issues, Enumclaw contends it is entitled to level the playing field with its own testing and evaluation.[13] Enumclaw submitted a declaration from Dr. Embree stating her own evaluation would "better inform [her] opinions" about Ms. Taylor.[14] Dr. Embree also explained that, while her testing would likely be similar to that of Ms. Taylor's expert, this retest (a year later) would detect change over time.[15] Dr. Embree noted "the absence of variability would support [her] opinion that [Ms.] Taylor did not sustain a traumatic brain injury in the subject accident."[16]

---

[11] Fed. R. Civ. P. 26(b)(1).

[12] (Mot. 1–2, Doc. No. 29.)

[13] (*Id.* at 2.)

[14] (Embree Decl. ¶ 6, Doc. No. 29-1.)

[15] (*Id.* ¶¶ 9–11.)

[16] (*Id.* ¶ 12.)

Ms. Taylor argues a second round of neuropsychological testing is not proportional to the needs of the case because she provided the "raw data" from her own expert's testing to Enumclaw, which its expert may score and interpret.[17] Ms. Taylor also contends undergoing an additional eight to nine hours of mentally rigorous testing would be unduly burdensome due to her brain injury and because she would have to miss a day of work.[18]

Enumclaw has demonstrated a neuropsychological evaluation of Ms. Taylor by its expert is warranted under Rule 35. Ms. Taylor does not dispute her condition is in controversy. Where she claims the accident caused a neurocognitive disorder, seeks damages based on this injury, and provided an expert report to support these claims, this element is met. Enumclaw has also shown good cause to permit its expert to conduct her own neuropsychological testing of Ms. Taylor, notwithstanding the testing by Ms. Taylor's expert. Dr. Embree's declaration adequately explained why merely examining data from the prior testing is insufficient, including the fact that retesting will allow Dr. Embree to assess change over time.[19] Ms. Taylor has offered no evidence to rebut this declaration. Under these circumstances, Enumclaw is entitled to have its own expert perform a neuropsychological evaluation. Finally, Ms. Taylor has not challenged Dr. Embree's qualifications as a licensed or certified examiner. Therefore, the requirements of Rule 35 are met.

---

[17] (Opp'n 1–2, Doc. No. 31.)

[18] (*Id.* at 2.)

[19] (*See* Embree Decl. ¶¶ 6, 10–12, Doc. No. 29-1.)

Finally, Ms. Taylor has not demonstrated the proposed examination would be unduly burdensome.  She offers no evidence to support her assertion that she will be particularly burdened due to her brain injury.  And missing a single day of work does not constitute an undue burden.  Where Ms. Taylor's condition is central to the case and she claims substantial damages based on her injury, the proposed examination is proportional to the needs of the case.

## CONCLUSION

Enumclaw's motion is granted.  Ms. Taylor is ordered to submit to a Rule 35 examination by Dr. Embree, consisting of a neuropsychological evaluation.  The parties are ordered to meet and confer regarding the specifics of the examination, including the date, time, and location.  If the parties are unable to agree on these particulars, they may submit separate proposals within fourteen days.

DATED this 23rd day of January, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge