UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRISTINE TAYLOR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ENUMCLAW PROPERTY AND<br>CASUALTY INSURANCE COMPANY; and<br>DOES 1-10, inclusive,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION TO AMEND COMPLAINT<br>AND REOPEN FACT DISCOVERY<br>(DOC NO. 30)**<br><br>Case No. 2:21-cv-00165<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Kristine Taylor filed a motion to amend her complaint and reopen fact discovery, seeking leave to add factual allegations to her complaint in support of her bad faith claim.[1]  Defendant Enumclaw Property & Casualty Insurance Company opposes the motion, arguing it is futile, unduly prejudicial, untimely, violates Rule 408 of the Federal Rules of Evidence, and is unsupported by good cause.[2]  Because Ms. Taylor has failed to demonstrate good cause exists to modify the scheduling order a full year after the deadline for filing motions to amend, the motion is denied.[3]

---

[1] (*See* Mot. to Amend Compl. and Reopen Fact Disc. ("Mot."), Doc. No. 30.)  Oral argument is unnecessary; this decision is based on the parties' written memoranda.  *See* DUCivR 7-1(g).

[2] (Def.'s Resp. to Pl.'s Mot. to Amend Compl. and Reopen Fact Disc. ("Opp'n") 5–11, Doc. No. 34.)

[3] The district judge referred this case to the undersigned under 28 U.S.C. § 636(b)(1)(A), (*see* Doc. No. 17), which authorizes magistrate judges to handle non-dispositive pretrial matters, *see Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir. 1992).  Although the Tenth Circuit has yet to decide whether the denial of leave to amend is dispositive, *see, e.g., Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015), it focuses on the effect of the ruling, not the form of the motion, when assessing magistrate judge authority, *see Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).  Where Ms. Taylor simply seeks to support an existing claim with additional facts rather than to add an entirely new claim, (*see* Mot. 2–3, Doc. No. 30), this

1

<u>BACKGROUND</u>

On February 26, 2021, Ms. Taylor filed suit in Utah state court against Enumclaw (her underinsured motorist carrier) alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.[4]  Enumclaw removed the case to federal court the following month.[5]  According to Ms. Taylor, she was in a collision caused by another driver, Jacob Adamson, on January 4, 2016.[6]  In September 2020, Ms. Taylor settled with Mr. Adamson and his insurance carrier for policy limits in the amount of $100,000.[7]  Because Mr. Adamson was underinsured,[8] Ms. Taylor also submitted a claim with Enumclaw under her Underinsured Motorist (UIM) policy.[9]  Ms. Taylor sought policy limits in the amount of $250,000.[10]

In response to Ms. Taylor's claim, Enumclaw requested Ms. Taylor's prior medical records and sent them to Joel T. Dall, M.D., for review.[11]  On February 2, 2021—based on a report by Dr. Dall (the "Dall Report"), in which Dr. Dall opined Ms. Taylor's injuries were a

---

ruling does not dispose of existing claims or deny a request to raise new claims.  Accordingly, the effect of this ruling is not dispositive.

[4] (*See* Ex. 2 to Notice of Removal, Compl. ("Compl."), Doc. No. 2-2 at 4–10.)

[5] (Notice of Removal, Doc. No. 2.)

[6] (Compl., Doc. No. 2-2 at 6, ¶ 10.)

[7] (*Id.* ¶ 11)

[8] (*Id.*)

[9] (*Id.* ¶ 14.)

[10] (*See id.*; *see also* Opp'n, Statement of Add'l Facts ¶ 1, Doc. No. 34; Ex. 1 to Opp'n, Demand Letter (Aug. 31, 2020), Doc. No. 34-1.)

[11] (*See* Opp'n, Statement of Add'l Facts ¶ 2, Doc. No. 34 (citing Ex 2 to Opp'n, Email Commc'n from Ruth Christensen to Jeff Steele (Nov. 18, 2020), Doc. No. 34-2).)

temporary aggravation of a preexisting condition[12]—Enumclaw offered $5,000 to settle Ms. Taylor's claim.[13]  After receiving this offer, Ms. Taylor filed suit, alleging Enumclaw "knew [] its offer was too low and unfair given [Ms.] Taylor's injuries, impairments, and loss"; did not "act[] in good faith to fairly and adequately investigate and evaluate [Ms.] Taylor's injuries, impairments, losses, and claims"; and "refus[ed] to meet its obligations under the UIM Policy and to make reasonable and proper settlement offers."[14]

In discovery, Enumclaw provided Ms. Taylor with a copy of the Dall Report on May 3, 2022.[15]  On September 15, 2022, Dr. Dall conducted a Rule 35[16] examination of Ms. Taylor and submitted a supplemental report to Enumclaw.[17]  Enumclaw contends this supplemental report was consistent with and provided further support for the opinions in Dr. Dall's prelitigation report.[18]  According to Enumclaw, Ms. Taylor never requested a copy of Dr. Dall's supplemental report.[19]

---

[12] (Opp'n, Statement of Add'l Facts ¶¶ 4 –5, Doc. No. 34 (citing Ex. 3 to Opp'n, Dall Report, Doc. No. 34-3 and Ex. 4 to Opp'n, Email from Ruth Christensen to Karen Cruz (Feb. 2, 2021), Doc. No. 34-4).)

[13] (*See* Ex. 4 to Opp'n, Email from Ruth Christensen to Karen Cruz (Feb. 2, 2021), Doc. No. 34-4; *see also* Compl., Doc. No. 2-2 at 6, ¶ 16.)

[14] (Compl., Doc. No. 2-2 at 6, ¶¶ 15–19.)

[15] (Opp'n, Statement of Add'l Facts ¶ 7, Doc. No. 34.)

[16] *See* Fed. R. Civ. P. 35.

[17] (Opp'n, Statement of Add'l Facts ¶ 9, Doc. No. 34.)

[18] (*Id.* ¶ 10.)

[19] (*Id.* ¶ 9.)

On October 13, 2022, Enumclaw asked Ms. Taylor to participate in mediation.[20]  On October 18, 2022, Ms. Taylor sent Enumclaw a renewed policy limits demand letter containing a calculation of her current, past, and future medical expenses at $588,662.65 and indicating this number would likely increase based on ongoing expert discovery.[21]  The parties agreed to participate in a mediation set for December 20, 2022.[22]  At Enumclaw's request, Ms. Taylor agreed to keep her settlement demand open until the day of the mediation.[23]

On November 8, 2022, Ms. Taylor supplemented her disclosures, increasing her damages claim from $588,662.65 to $1,379,727.70.[24]  Fact discovery closed on November 14, 2022.[25]  On December 6, 2022, Ms. Taylor again supplemented her disclosures, claiming damages in the amount of $1,511,447.68.[26]  On December 16, 2022, Ms. Taylor provided her expert disclosures which included damages in the amount of $5,405,670.83.[27]  On January 17, 2023, Ms. Taylor supplemented her disclosures to include this higher calculation of damages.[28]

---

[20] (Mot., Statement of Facts ¶ 2, Doc. No. 30.)

[21] (*Id.* ¶ 3.)

[22] (*Id.* ¶ 4.)

[23] (*Id.* ¶ 5.)

[24] (Opp'n, Statement of Add'l Facts ¶ 12, Doc. No. 34.)

[25] (*See* Third Am. Scheduling Order, Doc. No. 27.)

[26] (Mot., Statement of Facts ¶ 8, Doc. No. 30.)

[27] (*Id.* ¶ 9.)

[28] (Opp'n, Statement of Add'l Facts ¶ 14, Doc. No. 34.)

At the December 20 mediation, Enumclaw's highest offer of settlement was $25,000.[29] The parties did not settle.  Ms. Taylor bases her motion to amend on Enumclaw's conduct and settlement offer at the December mediation.  Ms. Taylor argues Enumclaw's "refusal to settle for a fair and reasonable value at mediation is further evidence of [its] bad faith failure to fairly and diligently investigate and evaluate [Ms.] Taylor's UIM claim," especially in light of the new damages evidence provided by Ms. Taylor.[30]  Accordingly, Ms. Taylor seeks leave to amend her complaint to include factual allegations related to the December mediation and to "reopen fact discovery to muster evidence of exactly what Enumclaw knew at the time of the mediation."[31]

<u>LEGAL STANDARDS</u>

In the Tenth Circuit, a party seeking to amend a complaint after the deadline to file a motion to amend pleadings has passed must (1) demonstrate good cause to modify the scheduling order under Rule 16 of the Federal Rules of Civil Procedure and (2) satisfy the standards in Rule 15 of the Federal Rules of Civil Procedure for amending pleadings.[32]  These standards apply here because the deadline to file a motion to amend pleadings was January 7,

---

[29] (Mot., Statement of Facts ¶ 10(2), Doc. No. 30.)  The last four paragraphs of Ms. Taylor's statement of facts are each numbered as "10."  For clarity, the subsequent paragraphs are referred to in this order as 10(2), 10(3), and 10(4), respectively.

[30] (*Id.* at 2; *see also* Reply 8, Doc. No. 41.)

[31] (Mot. 2–3, Doc. No. 30.)

[32] *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also Vivint, Inc. v. NorthStar Alarm Servs.*, LLC, No. 2:16-cv-00106, 2018 U.S. Dist. LEXIS 48569, at *10 (D. Utah Mar. 23, 2018) (unpublished) (explaining that any amended pleading "would be ineffective" if the court did not "simultaneously modify the cutoff date for filing amended pleadings" when granting leave to amend after the deadline has passed).

2022,[33] and Ms. Taylor filed her motion to amend on January 17, 2023—more than a year later.[34]

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."[35]  Rule 16's good-cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed."[36]  While courts may consider other factors,[37] the "primary consideration under Rule 16 is whether the moving party can demonstrate diligence."[38]  "[G]ood cause is likely to be found when the moving party has been generally diligent" and provides "adequate explanation for any delay,"[39] such as the "fail[ure] to move to amend prior to the cutoff date" and "the length of time between learning . . . new information warranting amendment and moving to amend."[40]  "[F]ailure to

---

[33] (*See* Am. Scheduling Order, Doc. No. 20.)

[34] (Doc. No. 30.)

[35] Fed. R. Civ. P. 16(b)(4).

[36] *Gorsuch*, 771 F.3d at 1240.

[37] *See Kennedy v. Prot. One Alarm Monitoring, Inc.*, No. 2:16-cv-00889, 2017 U.S. Dist. LEXIS 68476, at *4 (D. Utah May 4, 2017) (unpublished) (noting considerations such as prejudice and notice to the nonmoving party); *Boulder Falcon, LLC v. Brown*, No. 2:22-cv-00042, 2022 U.S. Dist. LEXIS 139309, at *13 (D. Utah Aug. 3, 2022) (unpublished) (noting prejudice is a "relevant consideration" under Rule 16).

[38] *Kennedy*, 2017 U.S. Dist. LEXIS 68476, at *4 (internal quotation marks omitted); *see also Boulder Falcon, LLC*, 2022 U.S. Dist. LEXIS 139309, at *13 ("[T]he focus of the good-cause standard is on [the movant's] diligence.").

[39] *Boulder Falcon, LLC*, 2022 U.S. Dist. LEXIS 139309, at *7 (alteration in original).

[40] *United States ex rel. Polukoff v. Sorensen*, No. 2:16-cv-00304, 2020 U.S. Dist. LEXIS 152196, at *17 (D. Utah Aug. 20, 2020) (unpublished) (citing *Birch*, 812 F.3d at 1248).

seek amendment within the deadline may be excused due to oversight, inadvertence, or excusable neglect."[41]

Rule 15 permits a party to "amend its pleading only with the opposing party's written consent or the court's leave."[42]  While the decision whether to grant leave to amend falls within the court's discretion,[43] "[t]he court should freely give leave when justice so requires."[44]  This is because the "purpose of [Rule 15(a)(2)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[45]  Denying leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[46]

## ANALYSIS

At the outset, both parties make erroneous assertions as to the deadline to file a motion to amend pleadings in this case.  Ms. Taylor claims there is no deadline to amend pleadings,[47] while Enumclaw claims the deadline was September 5, 2021.[48]  Both parties are incorrect.  In

---

[41] *Pathak v. FedEx Trade Networks T & B Inc.*, No. 16-cv-01357, 2018 U.S. Dist. LEXIS 5218, at *5 (D. Colo. Jan. 11, 2018) (unpublished) (citing *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990)).

[42] Fed. R. Civ. P. 15(a)(2).

[43] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[44] Fed. R. Civ. P. 15(a)(2); *see also Minter*, 451 F.3d at 1204.

[45] *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (alteration in original) (quoting *Minter*, 451 F.3d at 1204).

[46] *Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 778 (10th Cir. 2021).

[47]  (Mot., Statement of Facts ¶ 10(4), Doc. No. 30.)

[48] (*See* Opp'n 2, Doc. No. 34.)

support of her claim, Ms. Taylor relies on a version of the scheduling order which does not include a deadline to move to amend pleadings.[49]  But the same order states, "the Scheduling Order is amended *as to the following items only*," meaning all other deadlines remained unchanged.[50]  In support of its claim, Enumclaw relies on the original scheduling order in this case, which was subsequently amended.[51]  The Amended Scheduling Order issued in December 2021 contains the deadline to move to amend the pleadings: January 7, 2022.[52]

Likely because of her mistaken understanding as to the deadline to move to amend pleadings in this case, Ms. Taylor fails to address Rule 16's good-cause standard in her motion. However, Ms. Taylor's argument that Enumclaw's settlement conduct stands as additional evidence of bad faith[53] can be fairly construed as an assertion that Enumclaw's failure to reevaluate her claim at the mediation constitutes newly discovered evidence.[54]  Accordingly, her argument is assessed under the Rule 16 good-cause standard.

Enumclaw argues its "assessment of [Ms. Taylor's] UIM claim at the mediation was not new."[55]  It contends it has relied on evidence from Ms. Taylor's medical records and the opinions in the Dall Report "from the beginning."[56]  Ms. Taylor concedes as much: "Enumclaw

---

[49]  (*See* Third Am. Scheduling Order, Doc. No. 27).

[50] (*Id.* (emphasis added).)

[51] (*Compare* Scheduling Order, Doc. No. 18, *with* Am. Scheduling Order, Doc. No. 20.)

[52]  (*See* Am. Scheduling Order, Doc. No. 20.)

[53] (*See* Mot. 2, Doc. No. 30.)

[54] *See Gorsuch*, 771 F.3d at 1240 (explaining Rule 16's good-cause standard may be satisfied "if a plaintiff learns new information through discovery").

[55] (Opp'n 10, Doc. No. 34.)

[56] (*Id.*)

seemingly is sticking to the same position as it did when this litigation started."[57]  Enumclaw

argues Ms. Taylor has been aware of its position regarding her claim as well as the grounds for

that position from the beginning of this litigation, especially where Enumclaw provided Ms.

Taylor with a copy of her claim file, including the Dall Report and documents outlining

Enumclaw's assessment of her claim.[58]

Based on the information presented, it is unclear how Enumclaw's decision to maintain

its original position at the December mediation could possibly qualify as newly discovered

evidence giving rise to good cause to amend the scheduling order.[59]  Although Ms. Taylor

submitted new evidence of damages, Enumclaw had new evidence also: Dr. Dall's supplemental

report following the Rule 35 examination.  Moreover, it is unclear whether amendment of the

complaint is even necessary where Ms. Taylor does not seek to add any new claims but only

additional facts supporting her existing bad-faith claim.[60]  Ms. Taylor does not need to amend

her complaint in order to continue prosecuting her existing claim.[61]

---

[57] (Reply 8, Doc. No. 41.)

[58] (Opp'n 10, Doc. No. 34.)

[59] *See Gorsuch*, 771 F.3d at 1240 (stating "Rule 16's good-cause standard may be satisfied . . . if a plaintiff learns new information through discovery" but not when a plaintiff "knew of the underlying conduct" supporting amendment); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.").

[60] *See Neal v. Aramark Unif. & Career Apparel*, No. 20-2077-JWB-ADM, 2020 U.S. Dist. LEXIS 169321, at *5 (D. Kan. Sept. 16, 2020) (unpublished) ("[Plaintiff's] motion to amend does not seek to add claims or parties—only factual material.  It is therefore unnecessary and is denied.") (collecting cases supporting this proposition).

[61] In the event her motion to amend is denied, Ms. Taylor asks the court to "rule that Enumclaw's actions discussed herein can be presented in proving the bad faith claims already alleged." (Reply 5, Doc. No. 41.)  Ms. Taylor may present evidence supportive of her claims which

For these reasons, Ms. Taylor has failed to demonstrate good cause to amend the scheduling order and, therefore, has not satisfied the requirements of Rule 16.  Her motion to amend her complaint is denied on this basis.

Where Ms. Taylor has failed to satisfy the requirements of Rule 16, it is unnecessary to evaluate her motion under Rule 15.[62]  Her motion must be denied on the basis of Rule 16 alone. Additionally, because Ms. Taylor provides no substantive argument justifying her request to reopen fact discovery separate from her motion to amend, that request is likewise denied.[63]

CONCLUSION

Because Ms. Taylor has failed to demonstrate her proposed amendment is justified by newly discovered information or by other means, she has failed to satisfy Rule 16's good-cause

---

comports with the Federal Rules of Evidence.  However, the court makes no admissibility or evidentiary determinations here, as it would be premature to do so.

[62] *See Lewis v. Goldsberry*, No. CIV 11-0283 JB/ACT, 2012 U.S. Dist. LEXIS 26557, at *13 (D.N.M. Feb. 27, 2012) (unpublished) ("The Tenth Circuit has noted that the 'good cause' standard of rule 16 is 'an arguably more stringent standard than the standards for amending a pleading under [r]ule 15.'" (quoting *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) and *Minter*, 451 F.3d at 1205 n.4)).

[63] The only reason Ms. Taylor offers as justification for reopening fact discovery is amendment of her complaint.  (*See* Mot. 2–3, 8, Doc. No. 30.)  The Tenth Circuit requires more.  The Tenth Circuit has identified several relevant factors when determining whether to reopen discovery:
> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4–6 (D. Utah June 9, 2021) (unpublished) (applying these factors).

standard.  Accordingly, her motion to amend the complaint[64] is denied.  Where the motion to amend is denied, Ms. Taylor's request to reopen fact discovery is likewise denied.

DATED this 7th day of June, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[64] (Doc. No. 30.)